1317

SUMMER PLACE OF MYRTLE BEACH HOMEOWNER'S ASSOCIATION, INC., Appellant v. Everett A. KNIGHT, Lynn Rideout, Harry Wilhelm, Eugene Altman, Jr., as Administrator of the Estate of Eugene Altman, d/b/a A Summer Place of Myrtle Beach, a South Carolina General Partnership, Lindsay C. Morris—Contractor, Inc., Leonard T. McCoy, and Summey Building Systems, Inc., Defendants, of whom Lindsay C. Morris—Contractor, Inc., Leonard T. McCoy and Summey Building Systems are Respondents.

(379 S. E. (2d) 724)

Court of Appeals

*Doug Thornton,* Surfside Beach, *James C. Pike, Jr.,* and *John R. Clarke,* North Myrtle Beach, *for appellant.*

*Ralph P. Stroman* and *Phillip D. Sasser,* Conway, *David R. Gravely,* Myrtle Beach, and *J. Carlton Bell,* of North Myrtle Beach, *for defendants.*

*James B. Van Osdell* and *Cynthia Graham Howe,* Myrtle Beach, and *Michael W. Battle,* Conway, *for respondents.*

Heard Jan. 23, 1989.

Decided April 10, 1989.

SHAW, Judge:

In this action for construction defects, Summer Place of Myrtle Beach Homeowner's Association, Inc. (hereinafter Summer Place) appeals from a circuit court order granting summary judgment to defendants Lindsay C. Morris, Leonard T. McCoy, and Summey Building Systems, Inc. We reverse.

Summer Place brought suit against developers Knight, Rideout, Wilhelm and Altman, architect McCoy, contractor Morris, and the manufacturer of prefabricated units, Summey, alleging certain defects in the common elements of the condominium complex known as "A Summer Place." Defendants Morris and McCoy filed a motion to dismiss on the ground the six-year statute of limitations barred the claim. The motion was heard before Judge Weatherford who ruled the six-year statute of limitations applied to this case. He further denied the motion to dismiss, but granted Morris and McCoy leave to resubmit their motion with evidence to establish when the statute of limitations began to run.

Summey moved for summary judgment pursuant to Rule 56(b), S. C. R. C. P. on the ground that there was no material issue of fact which would entitle Summer Place to a recovery against Summey.

On August 7, 1987, Judge Peeples held a pre-trial hearing pursuant to Rule 16(a) S. C. R. C. P. At the hearing, held in Judge Peeples' chambers without a court reporter present, he granted a motion for summary judgment on behalf of Morris, McCoy and Summey. In his order, Judge Peeples stated that Morris and McCoy had "renewed their motion

for summary judgment" on the basis the six-year statute of limitations barred the claim. He further stated Summey had "orally joined in McCoy's and Morris' motion, as it had raised the statute of limitations as a defense. . . ."

Summer Place first asserts a violation of Rules 7(b) and 56(c) of the South Carolina Rules of Civil Procedure occurred. Rule 7(b)(1) S. C. R. C. P. provides:

> An application to the court for an order shall be by motion which, *unless made during a hearing or trial in open court with a court reporter present, shall be made in writing,* shall state with particularity the grounds thereof, and shall set forth the relief or order sought. The requirement of writing is fulfilled if the motion is stated in a written notice of the hearing of the motion. (Emphasis added.)

Rule 56(c) S. C. R. C. P. provides that a motion for summary judgment "shall be served at least 10 days before the time fixed for the hearing."

The pre-trial conference was held by Judge Peeples pursuant to Rule 16(a) S. C. R. C. P. The rule provides the court may, in its discretion, hold such a hearing to consider, among other things, the disposition of pending motions. Summer Place contends, because it had no notice a motion for summary judgment would be heard at the pretrial conference, it was taken by surprise. Summer Place argues because it received no notice of intent to resubmit the motion to dismiss with supporting evidence or raise a motion for summary judgment and the motion for summary judgment was not raised during a trial or hearing in open court with a court reporter present, the motion should not have been considered. We agree.

> "Pending" has been defined as:
> Begun, but not yet completed; during; before the conclusion of; prior to the completion of; unsettled; undetermined; in process of settlement or adjustment. Thus, an action or suit is "pending" from its inception until the rendition of final judgment. (*See* Black's Law Dictionary, 4th Ed.)

Had the motion for summary judgment been pending, it may very well have been decided at the pre-trial conference with no court reporter present, without violating the rules of civil procedure. Indeed, Summer Place would have then been placed on notice the motion would likely be resolved at that time, as S. C. R. C. P. 16(b)(3) allows the court, in its discretion, to provide all motions pending at the time of the pre-trial hearing which are not presented for disposition are deemed abandoned.

However, that is not the case before us. There was no motion for summary judgment pending at the time of the pre-trial hearing. Judge Weatherford ruled on the previous motion to dismiss and that motion was denied. While Morris and McCoy were granted leave to resubmit their motion in the form of a motion for summary judgment, the motion to dismiss was thoroughly adjudicated and ruled upon. The language allowing resubmission must be deemed as merely a recognition that Morris and McCoy could move for summary judgment with proper evidence regarding when the statute of limitations began to run.

We therefore hold there was no pending motion for summary judgment at the pre-trial hearing.

Because there were no motions for summary judgment pending at the time of the pre-trial hearing, there was no motion before the court to grant. We reverse the order of the lower court granting these parties summary judgment.

Reversed.

BELL and GOOLSBY, JJ., concur.